IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ISAIAH J. GIVENS, Jr.,
    Plaintiff,
    v.                                Case No. 3:17-cv-222-KRG-KAP
DR. MUHAMMAD G. NAJI, et al.,
    Defendants

## Memorandum Order

This matter has been referred to Magistrate Judge Keith A. Pesto for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C.§ 636 and Local Civil Rule 72.

The Magistrate Judge filed a Report and Recommendation on September 28, 2018, ECF no. 58, recommending that defendant Hardesty's motion to dismiss, ECF no. 26, be granted; that defendants Cantolina, Pearson, Smith, and Wetzel's motion to dismiss, ECF no. 28, be granted in part and denied in part; that defendants Barnes, Correct Care Solutions, Nagle, Naji, Thornley, and Turner's motion to dismiss, ECF no. 34, be granted in part and denied in part; and that defendant Jack Arango's motion to dismiss, ECF no. 53, be granted.

The parties were notified that, pursuant to 28 U.S.C.§ 636(b)(1), they had fourteen days to file written objections to the Report and Recommendation. After an extension of time was granted plaintiff filed objections at ECF nos. 63, 65, as well as a Second Amended Complaint at ECF no. 64. Plaintiff did not object to the recommended dismissal of defendants Arango, Wetzel, and Smith, and as the Magistrate Judge noted, the Second Amended Complaint does not attempt to state claims against defendants Arango, Wetzel, and Smith. Defendant Hardesty responded to plaintiff's objections at ECF nos. 66, 67.

The standard of review of objections to a Magistrate Judge's recommendation depends on whether the objecting party makes specific objections. Plaintiff's specific objections are to the the dismissal of all the defendants other than defendants Arango, Wetzel, and Smith, see ECF no. 63, the adequacy of any ADA claim, and the availability of punitive damages. The objections do not discuss the effect of the recommendation that, as to most defendants, the dismissal of the complaint be without prejudice to filing the Second Amended Complaint. Since the plaintiff was invited to augment the allegations against the defendants other than Hardesty (and Pearson, but did so as to her anyway) and the second Amended Complaint has its own motions to dismiss pending, the only genuine conflicts raised by the objections are to the availability of punitive damages and the sufficiency of any ADA claims.

After *de novo* review of the record of this matter and the portions of the Report and Recommendation to which specific objections were made, see Goney v Clark, 749 F2d 5, 7 (3d Cir.1984), the following order is entered:

AND NOW, this 7th day of March, 2019, it is

ORDERED that defendant Hardesty's motion to dismiss, ECF no. 26, is granted and he is dismissed from this action; defendants Cantolina, Pearson, Smith, and Wetzel's motion to dismiss, ECF no. 28, is granted in part and denied in part, and defendants Wetzel and Smith are dismissed from this action; defendants Barnes, Correct Care Solutions, Nagle, Naji, Thornley, and Turner's motion

2

to dismiss, ECF no. 34, is granted in part and denied in part; and defendant Jack Arango's motion to dismiss, ECF no. 53, is granted and he is dismissed from this action.

The Report and Recommendation is adopted as the opinion of the Court as to the motions listed above, and the proposed ADA claims are dismissed for failure to state a claim, without leave to amend. However, no ruling is made at this time on the availability of punitive damages. The matter remains with the Magistrate Judge for further proceedings.

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

Notice to counsel of record by ECF